## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JERRY SALMON, # 259728,** | * |
| | * |
| Petitioner, | * |
| | * |
| vs. | * CIVIL ACTION NO. 22-00273-JB-B |
| | * |
| **REOSHA BUTLER,** | * |
| | * |
| Respondent. | * |

### REPORT AND RECOMMENDATION

Jerry Salmon, an Alabama state prisoner confined at Fountain Correctional Facility in Escambia County, Alabama, initiated this action by filing a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1).[1] In his § 2254 petition, Salmon challenges his judgment of conviction for "1st degree Robbery x4" entered in the Circuit Court of Houston County, Alabama, Case Number CC2008-000096. (Id. at 2). Salmon's petition has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 8(b) of the Rules Governing Section 2254 Cases, and S.D. Ala. GenLR 72(a)(2)(R). For the reasons set forth below, the undersigned recommends that this action be **TRANSFERRED** to the United States District Court for the Middle District of Alabama.

---

[1] A review of the docket reflects that Salmon did not pay the $5.00 statutory filing fee and did not file a motion to proceed without prepayment of fees when he filed his petition.

A federal district court is authorized under § 2254 to entertain a petition for writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a). Where a § 2254 petition is filed by a prisoner in a state, like Alabama, that contains two or more federal judicial districts, "concurrent jurisdiction exists in both the district of confinement and the district in which the sentence was imposed." Crenshaw v. Myers, 2018 U.S. Dist. LEXIS 32486, at *1-2, 2018 WL 1100905, at *1 (N.D. Ala. Jan. 23, 2018), report and recommendation adopted, 2018 U.S. Dist. LEXIS 32007, 2018 WL 1089755 (N.D. Ala. Feb. 28, 2018); see 28 U.S.C. § 2241(d).[2]

---

[2] 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d).

Because Salmon was incarcerated in this district at the time he filed his petition, this Court has concurrent jurisdiction over this action with the United States District Court for the Middle District of Alabama, as the Circuit Court of Houston County, which convicted and sentenced Salmon, lies in the Middle District of Alabama. See 28 U.S.C. § 81(b)(2). While this Court has concurrent jurisdiction with the Middle District of Alabama, the Court may transfer the action pursuant to 28 U.S.C. § 2241(d) "in the exercise of its discretion and in furtherance of justice." See 28 U.S.C. § 2241(d).

In this circuit, it is well-recognized that the district of conviction is generally the most convenient and appropriate venue for a challenge to a state conviction or sentence; therefore, the courts of this circuit generally transfer such petitions to the district of conviction. See Taylor v. State of Texas, 2018 WL 1081720, at *1 (S.D. Ala. Jan. 23, 2018), report and recommendation adopted sub nom., 2018 WL 1077312 (S.D. Ala. Feb. 27, 2018); Eagle v. Linahan, 279 F.3d 926, 933 n.9 (11th Cir. 2001) (noting that the "practice of the district courts in Georgia is to transfer habeas petitions filed in the district where the petitioner is confined to the district where the petitioner was convicted"); Williams v. Fla. Supreme Court, 2012 U.S. Dist. LEXIS 59840, at *3 n.1, 2012 WL 1520274, at *1 n.1 (N.D. Fla. Mar. 29, 2012) ("The district of conviction is generally the most convenient and

3

appropriate venue."), <u>report and recommendation adopted</u>, 2012 U.S. Dist. LEXIS 59831, 2012 WL 1520273 (N.D. Fla. Apr. 30, 2012); <u>Williams v. Giles</u>, 2012 U.S. Dist. LEXIS 99020, at *1, 2012 WL 2929952, at *1 (M.D. Ala. June 15, 2012) (concluding that transfer to the district of conviction "is appropriate"), <u>report and recommendation adopted</u>, 2012 U.S. Dist. LEXIS 98585, 2012 WL 2929822 (M.D. Ala. July 17, 2012).

The undersigned finds that the Middle District of Alabama, where Salmon was convicted and sentenced and where the records pertaining to his conviction are presumably located, is the most convenient and appropriate venue for his habeas petition. Accordingly, it is **RECOMMENDED** that this § 2254 habeas action be **TRANSFERRED** to the Southern Division of the United States District Court for the Middle District of Alabama.[3]

## <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a]

---

[3] In recommending the transfer of Salmon's petition, the undersigned expresses no opinion on the merits of his claims.

4

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **11th** day of **July, 2022.**

                                        **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**